PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TINA MARIE STITZLEIN, | ) | |
| | ) | CASE NO. 1:25-CV-00808 |
| Plaintiff, | ) | |
| | ) | |
| *v.* | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendant. | ) | |

## I. Introduction

In 2025, Plaintiff Tina Marie Stitzlein filed a Complaint against the Commissioner of the United States Social Security Administration ("SSA") challenging her denied applications for disability insurance benefits and supplemental security income. ECF No. 1. The case was assigned to the magistrate judge to prepare a report and recommendation ("R&R") under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. After briefing, the magistrate judge recommended the Court affirm the Commissioner's decision. ECF No. 13. Plaintiff objects to that recommendation. ECF No. 14. On review, her objection is overruled, the R&R is adopted, and the Commissioner's decision is affirmed.

## II. Background

Eligibility for social security benefits depends on the existence of a disability. *See* 42 U.S.C. §§ 423(a), 1382(a). A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A). An Administrative Law Judge ("ALJ") must follow a five-step process when rendering a disability determination:

> (1) Is the claimant engaged in substantial gainful activity? If so, the claimant is not disabled.
>
> (2) Does the claimant have a medically determinable impairment, or a combination of impairments, that is "severe"? If not, the claimant is not disabled.
>
> (3) Does the claimant's impairment meet or equal one of the listed impairments and meet the duration requirement? If so, the claimant is disabled. If not, the ALJ proceeds to the next step.
>
> (4) What is the claimant's residual functional capacity and can the claimant perform past relevant work? If so, the claimant is not disabled. If not, the ALJ proceeds to the next step.
>
> (5) Can the claimant do any other work considering the claimant's residual functional capacity, age, education, and work experience? If so, the claimant is not disabled. If not, the claimant is disabled.

20 C.F.R. §§ 404.1520, 416.920; *see Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008). The claimant has the burden of proof at Step 1 through Step 4. *Jordan*, 548 F.3d at 423. The burden shifts to the Commissioner at Step 5 "to prove the availability of jobs in the national economy that the claimant is capable of performing." *Id.* "The claimant, however, retains the burden of proving her lack of residual functional capacity."[1] *Id.* If a claimant satisfies each element of the analysis and meets the requisite duration requirements, she is deemed disabled. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

[1] A residual functional capacity ("RFC") is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 416.945(a).

## III. History[2]

*Application*

In July 2022, Plaintiff applied to the SSA for disability insurance benefits and supplemental security income. ECF No. 7 at PageID #: 48. She alleged an onset date of May 9, 2022 for rheumatoid arthritis, fibromyalgia, radiculopathy, spinal stenosis, and neuropathy. ECF No. 7 at PageID #: 261. The SSA denied her applications initially and on reconsideration. ECF No. 7 at PageID #: 48. The ALJ and the SSA Appeals Council reached the same conclusion. ECF No. 7 at PageID #: 48.

The medical record includes a December 2022 consultative examination showing Plaintiff had a corrected visual acuity of 20/25 bilaterally, full strength, hobbled gait, and reduced hip and lumbar range of motion limiting her to three to four hours on her feet. ECF No. 7 at PageID #: 55. In March 2023, an optometrist diagnosed her with Fuchs' corneal dystrophy[3] in both eyes and prescribed corrective lenses with annual monitoring. ECF No. 7 at PageID ##: 55–56. Later records document joint pain, degenerative disc disease, and Sjögren's syndrome, and a January 2024 lumbar examination revealed mild scoliosis and minor degenerative changes. ECF No. 7 at PageID ##: 56–57. Two state agency examiners determined Plaintiff could sit, stand, and walk up to six hours daily with postural and environmental limitations. ECF No. 7 at PageID #: 57.

---

[2] An expanded factual and procedural history is detailed in the Magistrate Judge's Report and Recommendation (ECF No. 13 at PageID ##: 611–21) and the ALJ's Written Decision). Both are incorporated and summarized herein. To the extent *de novo* review is required, that is done *infra*.

[3] An eye disease that causes the corneas to swell with fluid, causing blurred vision. *See Fuchs' Dystrophy, Cleveland Clinic (Apr. 2, 2025), https://my.clevelandclinic.org/health/diseases/23438-fuchs-dystrophy*.

Plaintiff testified to back pain rated seven to eight out of ten, an ability to stand continuously for ten to fifteen minutes, bad days about four times a week, vision blurriness, and spots from dry eyes (despite her bifocals). ECF No. 7 at PageID ##: 54–55. The ALJ found Plaintiff had severe impairments including lumbar degenerative disc disease, fibromyalgia, and Fuchs' corneal dystrophy, but assessed an RFC for light work with standing and walking limited to four hours, postural restrictions, hazard avoidance, and simple, non-production-rate tasks. ECF No. 7 at PageID ##: 57–58. Relying on vocational expert testimony, the ALJ also found she could not perform past relevant work, but could work as a merchandise marker, routing clerk, or small products assembler, and thus is not disabled. ECF No. 7 at PageID ##: 59–60.

*Report & Recommendation*

In April 2025, Plaintiff filed a Complaint in the Northern District of Ohio against the Commissioner seeking judicial review of her denied applications on two assignments of error. ECF No. 1. First, that the ALJ found her Fuchs' corneal dystrophy severe, but assessed an RFC that did not address it. ECF No. 13 at PageID #: 612. Second, that the ALJ failed to properly evaluate Plaintiff's claims in accordance with Social Security Ruling ("SSR") 16-3p: Titles II and XVI: Evaluation of Symptoms in Disability Claims. ECF No. 13 at PageID #: 612. The case was assigned to the magistrate judge to prepare an R&R under Local Rule 72.2. After briefing, he recommended the Court affirm the Commissioner's decision. ECF No. 13.

On the first assignment of error, the magistrate judge concluded the ALJ accounted for Plaintiff's Fuchs' corneal dystrophy through the restriction that she "must avoid exposure to all hazards including unprotected heights, heavy machinery, and commercial driving," which the ALJ expressly tied to Plaintiff's visual impairment. ECF No. 13 at PageID ##: 623–24. He

reasoned that a diagnosis alone does not establish functional limitations, that Plaintiff's presbyopia and hyperopia were treated with corrective lenses, that she testified to driving without restriction, that she did not mention glare or night-vision problems when asked about her vision while wearing glasses, and that no medical provider assessed any vision restrictions. ECF No. 13 at PageID ##: 624–28. He also rejected Plaintiff's argument that the ALJ improperly characterized her treatment as conservative, noting that the source Plaintiff cited describes monitoring as the usual course in early-stage Fuchs' corneal dystrophy treatment and that she identified no vision-specific restrictions the ALJ should have assessed. ECF No. 13 at PageID ##: 626–27.

On the second assignment, the magistrate judge determined the ALJ's use of the phrase "not entirely consistent" did not signal an incorrect legal standard, declining to follow *Deville v. Comm'r of Soc. Sec.*, No. 1:23-CV-578, 2024 WL 4249128 (W.D. Mich. Sept. 20, 2024) (finding the "not entirely consistent" an incorrect legal standard) and *Mogdis v. Comm'r of Soc. Sec.*, No. 1:18-CV-82, 2019 WL 652571 (W.D. Mich. Feb. 14, 2019) (same) as outliers. ECF No. 13 at PageID ##: 629–30. He also concluded the ALJ adequately supported her assessment by citing conservative treatment, examination findings showing primarily intermittent joint tenderness, and Plaintiff's failure to obtain additional evaluative testing, and noted that the ALJ credited portions of Plaintiff's testimony by limiting her to occasional climbing and to four hours of standing and walking, rather than the six hours assessed by the state agency reviewers. ECF No. 13 at PageID ##: 630–32.

*Objection*

Plaintiff timely filed a single objection to the R&R: that "[t]he Court should decline to adopt the Magistrate Judge's finding that the ALJ did not err when evaluating [Plaintiff]'s

vision impairment." ECF No. 14 at PageID #: 634. More specifically, she argues "the ALJ's RFC was legally flawed in that the RFC did not address all of the impairments the ALJ correctly found severe at Step 2" because she "did not assess any restrictions stemming from Plaintiff's Fuchs' Corneal Dystrophy." ECF No. 14 at PageID #: 634. She claims the RFC's hazard-avoidance restriction cannot fill that gap because the state agency reviewers who proposed it were addressing her back impairment and fibromyalgia, not her vision. ECF No. 14 at PageID #: 635. Nor, she claims, does the restriction fit the limitations the record shows (*i.e.*, sensitivity to bright light, difficulty focusing on near objects, and trouble maintaining a standing position). ECF No. 14 at PageID #: 635. She reads the R&R's conclusion that the restriction "flows naturally" from the eye condition as conceding what she claims is missing: any explanation connecting the evidence to the result. ECF No. 14 at PageID ##: 635–36.

The Commissioner provided a boilerplate response to Plaintiff's objection, arguing only that "the Magistrate Judge adequately addressed the arguments brought forth during briefing and correctly applied the pertinent law in finding that the ALJ did not err when evaluating Plaintiff's vision impairment and did not err in evaluating Plaintiff's allegations." ECF No. 15 at PageID #: 639.

## IV. Law

*Referral*

A district court can refer a social security dispute to a magistrate judge for review, factual findings, and legal propositions—rendered through an R&R—under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. Once filed, it can accept the R&R, reject it, modify it, or return it to the magistrate judge for reconsideration. *See* 28 U.S.C. § 636(b)(1)(C). Once the R&R is filed, the parties have two weeks to register any objections. *See* Fed. R. Civ. P.

72(b)(2); 28 U.S.C. § 636(b)(1). A district court reviews *de novo* only those portions of the R&R specifically objected to. *See* 28 U.S.C. § 636(b)(1)(C). Objections must be clear and concrete, directing the court's attention to a particularized contention with the magistrate judge's findings. *See* *Thomas v. Arn*, 474 U.S. 140, 147 (1985); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Mere vagaries that attempt to "support [a] general objection with an exact recitation of arguments that were previously raised before" are insufficient to trigger *de novo* review. *Bulls v. Potter*, No. 5:16-CV-02095, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020). Without specific objections, the court can adopt an R&R without in-depth review. *See* *Peretz v. United States*, 501 U.S. 923, 939 (1991).

*Review*

When addressing the merits of a well-taken objection, a district court asks two questions. First, whether the ALJ's decision is "supported by substantial evidence[.]" *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015) (quoting *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011)). Second, whether the ALJ's decision was "made pursuant to proper legal standards." *Id.* The substantial evidence standard is "not high," but requires the district court to review the administrative record and decide whether it truly supports the ALJ's findings. *See* *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). That standard "presupposes that there is a zone of choice within which the [ALJ] may proceed without interference from the courts. If the administrative decision is supported by substantial evidence, a reviewing court must affirm." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (cleaned up). But even when a decision is substantially supported by evidence, a district court cannot affirm "if the ALJ fail[ed] to follow agency rules and regulations." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Thus, incorrect

application of the law is sufficient for remand and reconsideration. *See Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## V. Discussion

*Plaintiff's objection is insufficient to trigger de novo review.*

Plaintiff lodged no objection to the magistrate judge's treatment of the SSR 16-3p assignment. Finding no clear error, the Court adopts that portion of the R&R. ECF No. 13 at PageID ##: 629–33.

As to the first assignment, Plaintiff's sole objection is "an exact recitation" of arguments raised previously. *Bulls*, 2020 WL 870931, at *1. In her opening brief, she claimed "[t]he ALJ erred by assessing an RFC which does not address the Fuchs' Corneal Dystrophy that she found severe at Step 2." ECF No. 9 at PageID #: 582. In her reply brief, she argued "[t]he ALJ erred by assessing an RFC which does not address the Fuchs' Corneal Dystrophy that she found severe at Step 2." ECF No. 12 at PageID #: 606. And in her objection to the R&R, she argues "the ALJ's RFC was legally flawed in that [it] did not address all of the impairments the ALJ correctly found severe at Step 2." ECF No. 14 at PageID #: 634. A plaintiff "fails to make a specific objection when [she] merely reiterates the same arguments [that she] presented to the magistrate judge." *Cannon v. Potter*, No. 1:16-CV-1849, 2019 WL 4315931, at *3 (N.D. Ohio Sept. 12, 2019); *see Roach v. Hoffner*, No. 1:13-CV-42, 2016 WL 386151, at *1 (W.D. Mich. Feb. 2, 2016) ("Plaintiff's objections essentially reiterate the same arguments he presented in his petition and fail to demonstrate any factual or legal error in the Magistrate Judge's analysis, only Plaintiff's dissatisfaction with, and general objection to, the Magistrate Judge's recommendation") (citation modified). As a result, the core premise of her objection is insufficient to trigger *de novo* review.

*Even if Plaintiff's objection were specific, it still fails.*

*First*, the crux of Plaintiff's argument is that because the ALJ found her Fuchs' corneal dystrophy severe at Step 2, corresponding restrictions "must be reflected in the RFC assessment." ECF No. 14 at PageID #: 634. That is not the law. Establishing a severe impairment at Step 2 is a "*de minimis* hurdle." So "if an impairment has more than a minimal effect on the claimant's ability to do basic work activities, [an] ALJ is required to treat it as severe." *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 428 (6th Cir. 2007) (citation modified). But a "claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." *Id.* (quoting *Yang v. Comm'r of Soc. Sec.*, No. 00–10446–BC, 2004 WL 1765480, at *5 (E.D. Mich. July 14, 2004)). Thus, an "ALJ's finding that [a] limitation [is] more than minimal . . . [is] not inherently inconsistent with [her] finding that the limitation has little effect on the claimant's ability to perform basic work related activities." *Id.* (citing 20 C.F.R. § 404.1545(e)). Because a severity finding at Step 2 establishes only that an impairment is more than minimal, the ALJ's finding that Plaintiff's Fuchs' corneal dystrophy was severe did not oblige her to assess a vision-specific restriction to accommodate it.

*Second*, Plaintiff argues that "the record shows the vision impairment restricts Plaintiff's abilities to be exposed to bright light, focus on near objects, and maintain a standing position[.]" ECF No. 14 at PageID #: 635. Not so. As noted by the ALJ, Plaintiff's "[v]ision records . . . showed reports of bilateral blurred vision, with findings showing bilateral Fuchs' corneal dystrophy. Continued monitoring was advised with a prescription for glasses provided." ECF No. 7 at PageID #: 55 (citation modified). But she added that "[w]ith respect to the claimant's visual allegations, again treatment was wholly conservative consisting of

prescribed lenses, with no indication of visual acuity or field limitations." ECF No. 7 at PageID #: 56. And although Plaintiff was diagnosed with Fuchs' corneal dystrophy in March 2023, "a diagnosis alone does not indicate the functional limitations caused by the condition." *Baker v. Colvin*, No. 1:15-CV-00910, 2016 WL 4128435, at *9 (N.D. Ohio Aug. 3, 2016) (citing *Young v. Sec'y of Health & Hum. Servs.*, 925 F.2d 146, 151 (6th Cir. 1990)). No medical provider assessed any vision restrictions. ECF No. 7 at PageID #: 491. Instead, she was "[a]dvised to call immediately if eye pain or loss of vision [occurred]" and to "[m]onitor with CEE in one year." ECF No. 7 at PageID #: 491. An ALJ does not err when she discounts subjective self-reported symptoms; and although she found "that [Plaintiff]'s medically determinable impairments could reasonably be expected to cause the alleged symptoms," she also found that her "statements concerning the intensity, persistence and limiting effects of th[o]se symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" ECF No. 7 at PageID #: 56. Plaintiff bore the burden of proving her lack of residual functional capacity, and she points to no medical source assessing any vision restriction at all.

*Third*, Plaintiff argues that "[t]o the extent that the Magistrate Judge insists that the ALJ's hazard restriction flows naturally from [her] eye condition . . . he effectively concedes that the ALJ did not create the requisite logical bridge." ECF No. 14 at PageID #: 635. Again, not so. The ALJ noted that "with regard to the claimant's visual impairment, accommodation has been made by incorporating an avoidance of exposure to hazards, again due to the lack of evidence of significant visual acuity or field limitations which are not addressed by corrective lenses." ECF No. 7 at PageID #: 57. So she sufficiently tied the hazard restriction to Plaintiff's alleged visual impairment and explained why greater limitation was unwarranted. The logical

bridge exists—Plaintiff simply disagrees with where it leads.[4] The ALJ explained what she accounted for and why she went no further, which is all that meaningful review requires.

*Finally*, Plaintiff argues that the "ALJ [n]ever discuss[ed] the objective medical findings confirming [her] map-dot-fingerprint changes on the cornea, scattered vacuole of the lens bilaterally, and presbyopia and hyperopia (loss of near vision)." ECF No. 14 at PageID #: 637. But:

> [a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts.

*Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Def. Sys.–Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir. 1999)). The ALJ addressed Plaintiff's vision impairment, its treatment, and the absence of acuity or field limitations. ECF No. 7 at PageID ##: 56–57. And she incorporated that impairment in the RFC when noting Plaintiff "must avoid exposure to all hazards[.]" ECF No. 7 at PageID #: 54. That is enough. Plaintiff identifies no restriction those findings would have added, and an ALJ need not catalogue evidence that would not change the result. A remand that would yield the same RFC is unwarranted.

---

[4] Her related argument that ALJ erroneously "asserted that the same limitation simultaneously accommodates Plaintiff's vision impairments" also fails. ECF No. 14 at PageID #: 635. Plaintiff offers no authority forbidding a single limitation from encompassing multiple conditions.

## VI. Conclusion

Plaintiff's objection (ECF No. 14) to the magistrate judge's report and recommendation is overruled as non-specific. Alternatively, it is denied on its merits. The report and recommendation (ECF No. 13) is adopted in full and the Commissioner's decision is affirmed. A separate entry of judgment shall issue.

IT IS SO ORDERED.

August 24, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge